**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL SCOTT,           ) | 3:13-cv-00560-RCJ-WGC |
|         Plaintiff,       ) | |
|                          ) | **REPORT & RECOMMENDATION** |
|         vs.              ) | **OF U.S. MAGISTRATE JUDGE** |
|                          ) | |
| UNITED STATES,           ) | |
|         Defendant.       ) | |

This Report and Recommendation is made to the Honorable Robert C. Jones, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's application to proceed in forma pauperis (Doc. # 1)[1], and complaint (Doc. # 1-1). After a thorough review, it is recommended that Plaintiff's application to proceed in forma pauperis be denied and that the complaint be dismissed with prejudice.

### I. APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

A person may be granted permission to proceed in forma pauperis if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). "'[T]he supporting affidavits [must] state the facts as to the affiant's poverty with some particularity, definiteness, and certainty.'" *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir.

---

[1] Refers to court's docket number.

1981) (per curiam) (citing *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). The litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

Plaintiff, who is incarcerated in the State of Texas, admits that he has had three lawsuits previously dismissed as frivolous by a federal district court, but asks that he be allowed to proceed in forma pauperis because he has no money in his prison account. (Doc. # 1 at 3.)

28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff does not state that he is "under imminent danger of serious physical injury." Instead, he cites the importance of his lawsuit. Plaintiff may not circumvent the "three-strikes" provision by stating that his case is important. In the absence of imminent danger of serious physical injury, Plaintiff should not be allowed to proceed in forma pauperis. Accordingly, it is recommended that Plaintiff's application be denied.

## II. SCREENING

**A. Standard**

28 U.S.C. § 1915A requires that the court "review, before docketing, if feasible, or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "[T]he court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. *See*

*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff, a prisoner in the State of Texas, brings this action against the United States and asserts that he "[has] knowledge there [are] ex-federal government agents and other

3

persons...hidden under the surface of the ground in...[the] Eastern Region of the United States by the federal government. They are alive in a place that's been buried beneath the ground." (Doc. # 1-1 at 4.) Plaintiff asks the court to arrange for his personal presence so that he can reveal the location discussed above. (*Id*.)

The court finds that Plaintiff's action is frivolous because it lacks any arguable basis in fact or law. *See Neitzke v. Williams*, 490 U.S. 319, 328-30 (1989). A complaint lacks an arguable basis in law only if controlling authority requires a finding that the facts alleged fail to establish an arguable legal claim. *See Guti v. INS*, 908 F.2d 495, 496 (9th Cir. 1990). While the facts should be generally accepted as true, clearly baseless factual contentions may be dismissed as frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Plaintiff's factual statements are fantastical instead of plausible. Moreover, Plaintiff does not mention any legal basis for this action. It is clear that the action is frivolous and cannot be amended to state a federal claim. *See Cato*, 70 F.3d at 1106. Accordingly, the court recommends that this action be dismissed with prejudice.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order that:

(1) Plaintiff's application to proceed in forma pauperis (Doc. # 1) be **DENIED** and Plaintiff be required to pay the full filing fee; and

(2) Plaintiff's complaint (Doc. # 1-1) be dismissed with prejudice.

///
///
///
///
///
///
///
///
///

4

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

**DATED**:   October 30, 2013.

_____
**WILLIAM G. COBB**
**UNITED STATES MAGISTRATE JUDGE**

5